MAX E. KLEIN, Trading under the Name of the ARROW SILK MILLS, Respondent, *v.* WILLIAM J. SMITH, Trading under the Name of WILLIAM J. SMITH SILK Co., Appellant.

First Department, April 1, 1921.

**Sales — action to recover purchase price of goods sold — failure to prove amount of goods delivered — evidence — letter from buyer stating reason for rejecting goods admissible.**

In an action to recover the purchase price of fifty-two pieces of cloth, a recovery cannot be had where the only proof by the plaintiff as to the amount of goods delivered was that each piece contained on an average about forty-five to sixty yards and that the agreed price was three dollars and thirty cents per yard, for there is no basis on which the jury can calculate the damage.

It was error for the court to charge that there was no dispute that the plaintiff sold and delivered to the defendant merchandise of the value alleged in the complaint, stating the value.

The defendant having interposed the defense that the goods were not as
warranted and that he notified the plaintiff of his refusal to accept them,
a letter written by the plaintiff to the defendant, in response to a state-
ment by the defendant that he was holding the goods for return, in which
the plaintiff said in effect that while the defendant did not state his
reasons for wishing to return the goods the plaintiff presumed that it
was due to dullness of business and the existence of a lower price on the
goods, was admissible, and it was error to reject a registered letter written
by the defendant to the plaintiff prior to either of the above letters, which
the plaintiff refused to receive from the mail carrier, in which the defendant
stated his reasons for rejecting the goods.

APPEAL by the defendant, William J. Smith, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the
19th day of November, 1920, on the verdict of a jury for
$8,712.24, and also from an order entered in said clerk's office
on the 24th day of November, 1920, denying defendant's
motion to set aside the verdict and for a new trial made
upon the minutes.

*I. Maurice Wormser* [*Samuel S. Kogan* with him on the
brief; *Samuel S. Kogan,* attorney], for the appellant.

*Isidor Enselman* of counsel [*Jay A. Gilman,* attorney, with
him on the brief], for the respondent.

PAGE, J.:

The action was for goods sold and delivered of the alleged
value of $8,317.24. The amended answer consists of a general
denial and a special defense setting up that defendant agreed
to buy from plaintiff fifty-two pieces of charmeuse which were
warranted to be of a certain quality, in accordance with the
sample submitted by the defendant; that plaintiff also war-
ranted that the bulk of such merchandise consisted of perfect
goods; and that after the delivery of the goods defendant,
upon inspection, found that they were not perfect, and within
a reasonable time after delivery notified the plaintiff that he
refused to accept the goods and offered to return the same.

At the opening of the trial the attorneys stipulated that
the plaintiff delivered to the defendant fifty-two pieces of
merchandise. The attorney for the plaintiff then asked:

" Will you also concede that that is the merchandise that we claim was of the agreed price of $8,317.24? That is our claim, you do not have to concede that it is worth that." To which defendant's attorney replied: " I do not concede that at all." The plaintiff proved that each piece of goods contained on an average about forty-five to sixty yards and that the agreed price was three dollars and thirty cents per yard, and rested. The defendant thereupon moved to dismiss the complaint on the ground that the plaintiff had failed to prove a cause of action. At the close of the entire case the plaintiff moved for a direction of the verdict. As the plaintiff failed to prove the number of yards that were delivered, there was no basis for the jury to calculate the damage. The court erroneously charged the jury: " There is no dispute that the plaintiff sold and delivered to the defendant merchandise of the value of $8,317.24." The attorney for the defendant, however, took no exception to this portion of the charge, although he urges it upon his brief as reversible error.

The defendant testified that he went to the plaintiff's loft and was shown one piece of each color of the goods and about a yard or two from the end was exhibited to him, and that the plaintiff warranted that the bulk of the goods would correspond with the samples shown him, and further that the plaintiff warranted that the goods were perfect. The plaintiff, on cross-examination, stated that he sold that merchandise as absolutely perfect. It was proved that the goods were defective in many particulars. The plaintiff then put upon the stand the manufacturer of these goods, who testified that the defects in the goods were such as were common to goods of that grade. The court, by asking questions concerning certain marks that had been made upon the tickets attached to the goods, developed the fact that those marks had been placed there by the defendant and then charged the jury as follows: " If you determine that the defendant exercised dominion over the property, then the plaintiff is entitled to recover. By dominion we mean some act that would lead you to believe that the defendant when he took the property intended that it was his property and no longer that of the plaintiff. The fact that he marked each parcel with a number in his own

business is a circumstance to be considered by you in determining whether or not there was such an exercise of dominion."

To this charge the defendant's counsel took exception. The defendant, on February tenth, after he had notified the plaintiff over the phone that he rejected the goods, sent a registered letter giving the reasons for the rejection. It was proved by the letter carrier that he presented this letter to the plaintiff and that the plaintiff refused to receive it. The letter with the envelope in which it was inclosed was offered in evidence. The court refused to receive the letter but allowed the envelope to be marked in evidence. On February eleventh the defendant wrote: " We are holding for return goods shipped us February 2, and would ask that you kindly send for same."

To this the plaintiff replied: " While you set forth no reason in your letter why you wish to return these goods, we presume that the fact that business is a little quiet and prices are a little lower, are your particular reasons and this compels us to take the above stand in this matter."

The reception of this letter in evidence was entirely proper, but the court's refusal to allow the defendant's notification giving reasons for the rejection to go in evidence was highly prejudicial.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.